**IN THE MATTER OF THE REMOVAL OF MELEISEA MISI FROM HOLDING THE MATAI TITLE "MELEISEA" OF THE VILLAGE OF TAPUTIMU, TUALAUTA COUNTY, TUTUILA, AMERICAN SAMOA**

No. 1334-1973

High Court of American Samoa

Civil Jurisdiction, Land and Titles Division

July 2, 1973

This matter came on for hearing before A. P. LUTALI, *Chief Judge*, presiding; APE POUTOA, *Associate Judge;* and A'AU ITUMALO, *Temporary Associate Judge.*

Petitioner, Si'i Samuelu T. Meleisea, was present and represented by his counsel, Sivia Sunia; likewise, Defendant, Meleisea Misi, was present and represented by his counsel, Ivi S. Pele.

This action concerns the removal of Meleisea Misi from holding the matai title "Meleisea" of the village of Taputimu, Tuaulata County, Western District, Tutuila, American Samoa.

Petitioner requested removal of Defendant under Sec. 6.0106 of the Revised Code of American Samoa. It reads as follows:

Any matai who leaves American Samoa for longer than one year may be divested of his title upon application instituted by petition

113

filed in the High Court by any member of the family of the absent matai. Upon presentation of such petition the Court may, but need not, upon satisfactory proof of such absence, divest such title. The Court in its discretion may also consider the reasons for such absence, and the wishes of the family actively serving the matai.

Petitioner filed petition on April 3, 1973. Service was accomplished on May 22, 1973, as evidenced by Affidavit of Service and by letter from Defendant to Petitioner acknowledging receipt thereof. Satisfied that all statutory requirements were met, we proceeded to hear the evidence.

Petitioner alleges, among other things, "that Defendant moved to the United States more than 10 years ago, and is (sic) to this date, residing in the United States," and that "Defendant, by being absent from the Territory, caused irreplaceable damages to the dignity of the Meleisea family, and neglected his duties as a leading matai of my family, village, county, and to the Territory of American Samoa (sic)...."

The facts adduced at the trial clearly show that Petitioner is a blood member of the Meleisea family; that he has lived in the village of Taputimu most of his life; and although he is a matai of another family, he participates in affairs of the Meleisea family. The Defendant is 71 years old and has held the Meleisea title since 1946. In 1964 he left for the United States and remain [sic] there until 1969, when he visited American Samoa for two weeks. He returned to the United States because of ill health.

In deciding this case we are guided by the desire of the people of this territory, expressed through their duly elected representatives in the Legislature, that a matai should not be absent from his responsibilities under the matai system for longer than one year. These are times of great concern. The matai system, the very foundation of the Samoan way of life and culture, is being incessantly bombarded by changes and pressures from external

sources. The matai must always be on the alert to protect, preserve, and improve family properties and affairs entrusted to him, as well as to provide the leadership for the people who selected him. To be sure, the matai cannot perform these functions effectively residing thousands of miles away.

More importantly, the matai is the administrator of the family. When he becomes negligent and unmindful of the performance of his duties and when his actions and behavior are detrimental to the well-being of his family, he should be removed. The fact that the Legislature recently facilitated removal of an absent matai by requiring only one member of the family to petition such removal denotes, and strongly, legislative disapproval of absenteeism in the matai ranks.

Defendant, having resided in the United States for approximately eight years without sufficiently good reason, and having failed to provide the continuous leadership to which the family is entitled, the Court is compelled to divest him of the matai title "Meleisea".

Defendant argued that removal would constitute "cruel and unusual punishment" contrary to Article I, Sec. 6, of the Revised Constitution of American Samoa. We unanimously hold this argument to be without merit.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Meleisea Misi be hereby divested of the matai title "Meleisea".

Costs in the amount of $25 are hereby assessed against Defendant to be paid within 30 days from the date of this decision.